IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **JOHN BLACK and STACIE BLACK,** § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **AMERICAN SECURITY INSURANCE** § <br> **COMPANY,** § <br> § <br> *Defendant.* § | **CIVIL ACTION NO: 6:24-cv-00262** |

## AMERICAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant American Security Insurance Company ("ASIC") files this Notice of Removal against Plaintiffs John Black and Stacie Black pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I. INTRODUCTION

1. This case is removable because there is complete diversity between the parties in this litigation and the matter in controversy exceeds $75,000.00.

### II. COMMENCEMENT AND SERVICE

2. The underlying lawsuit was commenced on March 27, 2024, when Plaintiffs filed their Original Petition in the 414th Judicial District of McLennan County, Texas, styled Cause No. 2024-816-5; *John Black and Stacie Black v. American Security Insurance Company*.[1]

3. ASIC received service of process of the Original Petition through its statutory agent on April 16, 2024.[2]

4. ASIC filed its answer in state court on May 6, 2024.[3]

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition.
[2] *See* Exhibit A, Process to ASIC.
[3] *See* Ex. B-2, Defendant's Answer.

5.   This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading and is thus timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.   GROUNDS FOR REMOVAL

6.   ASIC is entitled to remove the state court action to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.   DIVERSITY OF CITIZENSHIP

7.   This is an action with complete diversity of citizenship between Plaintiffs and the Defendant.

8.   Based upon the allegations in the Petition, Plaintiffs are individuals who reside in McLennan County, Texas.[4] Based upon Defendant's records, and publicly available information, Plaintiffs have been domiciled in the State of Texas since at least 1992.[5][6] Accordingly, Plaintiffs are citizens of the State of Texas within the meaning and intent of 28 U.S.C. § 1332. *See Coury v. Prot*, 85 F.3d 244, 249-50 (5th Cir. 1996) (a natural person who is domiciled in a state is a citizen of that state for purposes of diversity under 28 U.S.C. § 1332(a)(1)).

9.   Defendant ASIC is a foreign insurance company organized under the laws of Delaware, with its principal place of business in Atlanta, Georgia.[7]

---

[4] *See* Ex. B-1, Plaintiff's Petition, at ¶ 2.
[5] *Id.* Ex. D-1, Accurint National Comprehensive Report, at p. 2 (demonstrating that Plaintiff John Black has been domiciled in Texas since at least November 1992).
[6] *See* Ex. D-2, Accurint National Comprehensive Report, at p. 2 (demonstrating that Plaintiff Stacie Black has been domiciled in Texas since at least December 1992).
[7] *See* Ex. E, Declaration of Jeannie Aragon-Cruz.

10. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

## V. AMOUNT IN CONTROVERSY

11. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options: (1) the defendant may either remove the case immediately, if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or (2) the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[8] If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (1) looking to the defendant's removal papers or (2) making an independent appraisal of the amount of the claim.[9] In this Circuit, the amount in controversy is calculated by considering all potential damages.[10] Here, Plaintiffs' Demand Letter demonstrates that the amount in controversy exceeds $75,000.00.

12. If this Court makes an independent appraisal of the amount of Plaintiffs' claims in this case or relies on ASIC's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00. On January 18, 2024, Plaintiffs' counsel sent ASIC a demand letter demanding $52,369.82 in "actual damages and expenses, including attorney's fees," but that figure "does not include additional statutory damages for which you may be liable under

---

[8] *See* 28 U.S.C. § 1446(b)(3); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–762 (5th Cir. 2000).

[9] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[10] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

Chapter 541 and Chapter 542, nor does it include pre-judgment interest."[11] Additionally, Plaintiff's Petition reasserts Chapter 541 and Chapter 542 claims by stating that ASIC "knowingly committed the acts complained of. The Blacks are therefore entitled to additional damages."[12] *See Tex. Ins. Code* § 541.152 (stating that upon "a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages."). Accordingly, Plaintiffs' notice and Petition establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## VI.   VENUE

13.   Venue lies in the Western District of Texas, Waco, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a) because Plaintiffs filed their state court action in this judicial district and division.

## VII.   NOTICE

14.   ASIC will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). ASIC will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII.   STATE COURT PLEADINGS

15.   Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.   EXHIBITS TO NOTICE OF REMOVAL

16.   The following documents are attached to this Notice as corresponding numbered exhibits:

---

[11] *See* Exhibit F, Plaintiff's Demand Letter, including the report from S4 Claims Services.
[12] *See* Exhibit B-1, Plaintiff's Original Petition, at ¶ 34.

A. All executed process in the Case;

B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

   1. Plaintiff's Original Petition;

   2. ASIC's Original Answer;

C. Docket Sheet;

D. Declaration of Steven M. Correa;

   1. Accurint Comprehensive Business Report for John Black;

   2. Accurint Comprehensive Business Report for Stacie Black;

E. Declaration of Jeannie Aragon-Cruz; and

F. Plaintiff's Demand Letter, including the report from S4 Claims Services.

## X.   CONCLUSION

WHEREFORE, American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 414th Judicial District Court of McLennan County, Texas to this Court.

Dated: May 16, 2024                    Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Bradley J. Aiken*
   Bradley J. Aiken
   State Bar No. 24059361
   Steven M. Correa
   State Bar No. 24069536
   Rohit Mittal
   State Bar No. 24126317

1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: 713-337-5580
Facsimile: 713-337-8850
brad.aiken@mhllp.com
steven.corra@mhllp.com
rohit.mittal@mhllp.com

**Attorneys for Defendant**
**American Security Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on May 16, 2024 on the following counsel:

Melissa Wray Bostwick
James Winston Willis
WRAY WILLIS LLP
901 Heights Blvd.
Houston, TX 77008
mwray@wraywillis.com
jwillis@wraywillis.com

**Attorneys for Plaintiffs**

    /s/ Rohit Mittal
        Rohit Mittal